Jayant A. SHAH, pro se, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 77 C 1072.

United States District Court, E. D. New York.

May 23, 1978.

Jayant A. Shah, pro se.

David G. Trager, U. S. Atty., Brooklyn, N. Y., E. D. N. Y. (Michael G. Cavanagh, Asst. U. S. Atty., Brooklyn, N. Y. and Vicki G. Cheikes, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brings suit for the refund of federal income taxes in the amount of $328.47 for the calendar year 1972 which he paid when a deduction was denied by the Internal Revenue Service for expenses he incurred in moving his wife and children from India to Washington, D. C. in June of 1972.

There being no factual matter in dispute, the government has moved for summary judgment, arguing that the deduction was properly denied under Section 217 of the Internal Revenue Code of 1954 (26 U.S.C.) as amended by Section 231(a), Tax Reform Act of 1969.

In August of 1969 plaintiff moved from India to Buffalo, New York, to attend the University of Buffalo. His wife and children remained in India. On June 24, 1971, he became a permanent resident of the United States. He completed his studies in August of 1971 and received a Master's degree in Business Administration. In Jan-uary of 1972 he obtained full time employment in Washington, D. C. and moved to that city from Buffalo. In June of 1972 his wife and children moved from India to Washington, D. C. to join him. It is the cost of moving his family to Washington, D. C. that plaintiff sought to deduct on his income tax return for calendar year 1972.

Section 217(b)(3)(C) permits a taxpayer to deduct the moving expenses of his family in certain circumstances. Specifically, that section permits the deduction of moving expenses of "a member of taxpayer's household" but only "if such individual has both the former residence and the new residence as his principal place of abode."

The purpose of the moving expense deduction is to reduce a disincentive to social mobility: * when a taxpayer obtains employment in a new location Section 217 permits him to deduct his moving expenses to that new location because such expenses are a cost of acquiring that new employment, analogous to an ordinary and necessary cost of doing business for a corporate taxpayer deductible under Section 162(a). Furthermore when a taxpayer is pondering a move to a new location to take a new job, he will very likely consider the cost of moving the members of his household that are living with him as a cost of acquiring the new job, and Section 217(b)(3)(C) therefore permits a deduction of such expenses in furtherance of the overall policy of the Section.

However where, as in this case, the other members of the taxpayer's household do not live with him at the time he is making the decision whether to move, the cost of moving those other members to the new location will often not be a disincentive to taking the new job because, assuming he has made a decision to set up a common household, the cost of doing so in the old location may be as great as the cost of doing so in the new location. Thus in order

* The legislative history of Section 217 indicates a Congressional intent to "remove deterrents to the mobility of labor." House Report No. 749, September 13, 1963, to accompany H.R. 8363.

See 1964 U.S.Code Congressional and Administrative News [88th Congress, 2nd Session], p. 1368.

to be entitled to a deduction under Section 217(b)(3)(C), a taxpayer must show that a member of his household resided with him at his "former residence", that is, the place where the taxpayer resided immediately prior to finding employment in a new location.

The government argues that since plaintiff's former residence was in Buffalo, his family's moving expenses from India were properly denied. Plaintiff does not deny that Buffalo was his former residence, but argues that to deny the deduction on the ground that his family's residence was not the same as his is "discriminatory." Plaintiff cites no authority in law or policy to support this view, and as I see no basis for holding that the statute has been misinterpreted by the government or that the statute itself is unconstitutionally discriminatory, the plaintiff's claim for a refund must be rejected.

The government's motion for summary judgment is granted, and the complaint is dismissed.

So ordered.