ROMAN Q. PAGUIO and ROSALINDA C. PAGUIO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paguio v. Commissioner
Docket No. 10377-78.
United States Tax Court
T.C. Memo 1981-2; 1981 Tax Ct. Memo LEXIS 738; 41 T.C.M. (CCH) 685; T.C.M. (RIA) 81002; January 5, 1981
*738 Ps, H and W, deducted as a moving expense the cost of transporting H's children from the Philippines to the U.S. Prior to such time, Ps' principal place of abode was the U.S., and H's children's principal place of abode was the Philippines. Ps also claimed deductions for medical expenses, child care expenses, and "points" paid to secure a mortgage. Held: (1) Since prior to their move H's children's principal place of abode was not the same as Ps, Ps are not entitled to deduct the cost of transporting such children to the U.S.Sec. 217(b)(3)(C), I.R.C. 1954. (2) Ps failed to substantiate their claimed deductions for medical and child care expenses and for "points" in excess of the amount allowed by the Commissioner. Roman Q. Paguio, pro se. Catherine L. Wong, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioners' Federal income tax of $ 1,700.00 for 1975. The issues for decision are whether the petitioners are entitled to a deduction for the cost of transporting Mr. Paguio's two children by a former marriage from the Philippines to the United States and whether they can substantiate deductions they claimed for medical expenses, child care expenses, and for "points" to acquire a mortgage in excess of the amount allowed by the Commissioner. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Roman Q. and Rosalinda *740 C. Paguio, husband and wife, resided in Daly City, Calif., at the time they filed their amended petition in this case. They timely filed their joint Federal income tax return for 1975 with the Internal Revenue Service. In October of 1969, Mr. Paguio moved from the Philippines to the United States. Prior to his coming to the United States, Mr. Paguio's two children by a former marriage, Arthur and Elizabeth, resided with him in the Philippines. From October 1969 until sometime in 1975, such children remained in the Philippines, Arthur residing with Mr. Paguio's mother and Elizabeth residing with Mr. Paguio's former spouse. In 1975, the petitioners paid $ 2,200 to transport Arthur and Elizabeth from the Philippines to the United States. Since their arrival in the United States, such children have resided with the petitioners. In 1975, Arthur was 16 years old and Elizabeth was 15 years old. On their 1975 return, the petitioners deducted as a moving expense the cost of transporting Arthur and Elizabeth to the United States. During 1975, the petitioners paid their dentist $ 100. On their 1975 return, they claimed a deduction for medical and dental expenses of $ 1,918. *741 In addition to Arthur and Elizabeth, the petitioners had three of their own children living with them during 1975. The ages of such children were 5, 4, and 1. During 1975, both tof the petitioners were employed full time. While they were working, and in order for them to be so employed, they used as babysitters Filipinos who were in the United States on tourist visas. On their 1975 return, the petitioners claimed a deduction of $ 3,672 for child care expenses for their three youngest children. They also claimed a deduction of $ 1,000 for "points" paid to secure a mortgage in connection with the purchase of real property in Daly City. In his notice of deficiency, the Commissioner disallowed in full the deductions claimed by the petitioners for moving, medical, and child care expenses. He allowed the petitioners $ 511 of the $ 1,000 deduction claimed by them for points. However, at trial, he conceded that they are entitled to an additional deduction for points of $ 112. OPINION The issues for decision are whether the petitioners are entitled to deduct the cost of transporting Mr. Paguio's children from the Philippines to the United States and whether they are entitled to *742 a deduction for medical expenses, child care expenses, and "points" in excess of the amount allowed by the Commissioner. Section 217(a) of the Internal Revenue Code of 1954[1] allows a taxpayer to deduct the costs of moving to commence work at a new principal place of work, and section 217 (b)(3)(C) provides that such costs may include the moving expenses of individuals who are members of his household. However, for the expenses attributable to such individuals to be deductible, such individuals must not only be members of the taxpayer's household, but their principal place of abode must be the same as that of the taxpayer both before and after the move. Sec. 217(b)(3)(C); sec. 1.217-2(b)(10)(i), Income Tax Regs. Although Arthur and Elizabeth had the same principal place of abode as the petitioners after coming to the United States, their principal place of abode prior to such time was in the Philippines, while that of the petitioners was in the United States. Hence, the petitioners are not entitled to a moving expense deduction for the cost of transporting Arthur and Elizabeth to the United States. See Shah v. United States, 450 F. Supp. 1136 (E.D. N.Y. 1978). *743 For 1975, section 214 allowed a deduction for the expenses of child care under specified conditions and limitations. The petitioners appear to argue that because they both worked and had minor children who required attention while the petitioners worked, we should assume that they paid for such services and allow them the deduction. However, they had absolutely no evidence showing that they actually made payment for such services or the amounts of any such payments. A deduction is allowed only for payments made for child care, and in the absence of any proof of payments actually made by the petitioners, they have failed to prove that they are entitled to any deduction for the expense of child care. See sec. 1.214A-1(e), Income Tax Regs.
The petitioners also have the burden of substantiating their deduction under section 213 for medical expenses and their deduction under section 163(a) for points as a form of interest in excess of the amount allowed by the Commissioner. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). *744 The petitioners were only able to prove that they paid medical expenses in the amount of $ 100. Based on the escrow statement offered into evidence at trial, the Commissioner allowed the petitioners an additional deduction of $ 112 for points. Although we do not question Mr. Paguio's veracity, no credible evidence was presented to substantiate the balance of such deductions. Accordingly, to the extent not allowed by the Commissioner, such deductions are denied. To reflect the Commissioner's concession at trial, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1975.↩